# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0239-WS-N |
| | ) |
| 74.57 ACRES OF LAND, MORE OR | ) |
| LESS, LOCATED IN EVERGREEN, | ) |
| CONECUH COUNTY, STATE OF | ) |
| ALABAMA; SUE S. CRAMER; STOWERS | ) |
| TIMBERLANDS, L.L.C., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the parties' respective position memoranda (docs. 108 & 109) concerning the manner in which just compensation should be determined at trial.

In this federal condemnation case, Magistrate Judge Nelson entered a Scheduling Order (doc. 71) fixing a deadline of September 26, 2014 for the parties "to file pleadings setting forth their positions on how compensation should be determined." (Doc. 71, ¶ 2.) In so doing, Judge Nelson observed that, back on May 15, 2012, defendants Sue S. Cramer and Stowers Timberlands, LLC, had filed a document in which they "demand a trial by jury on the issue of just compensation in this condemnation case." (Doc. 18.) She also noted that Rule 71.1(h) of the Federal Rules of Civil Procedure creates an alternative mechanism, under which just compensation may be determined via a three-person land commission. With the February 2015 trial setting fast approaching, and with the parties apparently unable or unwilling to agree as to who the arbiter of just compensation should be at trial, Judge Nelson prudently brought the issue to the forefront by having the parties submit dueling briefs on the subject.

The Government's Position is that "[t]he most efficient option in this case for trial is a bench trial" (doc. 108, at 7), but that this option is unavailable unless defendants withdraw their timely jury demand. The Government further states its view that "trial by land commission would not be appropriate under the circumstances of this case." (*Id.* at 1.) By contrast,

defendants' Position does not hold out even a glimmer of hope that defendants might withdraw their jury demand, but instead asserts that "there exist[s] just reason for the court to appoint a three-person commission to hear the evidence and assess just compensation." (Doc. 109, at 2.)

This question is governed by Rule 71.1, which provides that, "[i]n an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined … by a jury when a party demands one within the time to answer …, unless the court appoints a commission." Rule 71.1(h)(1)(B), Fed.R.Civ.P. Regarding the appointment of a commission, the rule elaborates that "[i]f a party has demanded a jury, the court may instead appoint a three-person commission to determine compensation because of the character, location, or quantity of the property to be condemned or for other just reasons." Rule 71.1(h)(2)(A). Because defendants have made a timely jury demand that they have shown no inclination to withdraw, the option of a bench trial is unavailable here; therefore, the only remaining decision is whether just compensation will be determined by a jury or by a three-person land commission.[1]

On its face, Rule 71.1 provides that even where a party has demanded a jury, the court may appoint a land commission to make the just compensation determination "because of the character, location, or quantity of the property to be condemned or for other just reasons." Rule 71.1(h)(2)(A). The Eleventh Circuit has explained that "[t]he Federal Rules of Civil Procedure specifically provide for the appointment of commissioners in lieu of a jury … in condemnation actions in which the district court determines that the ends of justice best would be served by foregoing trial by jury." *Alabama Power Co. v. 1354.02 Acres, More or Less, of Land in Randolph County, Ala.*, 709 F.2d 666, 666-67 (11th Cir. 1983). Whether to appoint a commission or to allow compensation to be determined by a jury is left to the district court's sound discretion. *See, e.g., Georgia Power Co. v. 138.30 Acres of Land*, 596 F.2d 644, 647 (5th

---

[1] It is well settled that there is "no constitutional right to a jury in an eminent domain action." *Alabama Power Co. v. 1354.02 Acres, More or Less, of Land in Randolph County, Ala.*, 709 F.2d 666, 667 (11th Cir. 1983). Nonetheless, in a straightforward application of Rule 71.1(h)(1)(B), the Court agrees with the Government that, in light of defendants' timely demand for jury trial, "defendants would have to withdraw the demand in order for this case to be tried to the Court." (Doc. 108, at 2.) Defendants have not withdrawn that jury demand, and have provided no indication that they would consider doing so. Accordingly, the option of having this Court fix the amount of just compensation at trial appears to be off the table.

Cir. 1979) ("Subdivision (h) of Rule [71.1] … gives the court discretion … to order the use of a commission to determine the compensation due.").[2]

For purposes of exercising that discretion, the rule provides guidance that appointment of a commission may be appropriate "because of the character, location, or quantity of the property to be condemned or for other just reasons." Rule 71.1(h)(2)(A). Applying this rule, the Eleventh Circuit observed that an eminent domain case involving "over 500 tracts of property spread over seven counties and 122 miles, is precisely what the drafters … had in mind in listing exemplary reasons for denying jury trials (character, location, and quantity)." *Southern Natural Gas Co. v. Land, Cullman County*, 197 F.3d 1368, 1373 (11th Cir. 1999); *see also United States v. 320.0 Acres of Land, More or Less in Monroe County, State of Fla.*, 605 F.2d 762, 828 (5th Cir. 1979) ("In light of the number of parcels involved in these condemnation proceedings, the remoteness of these parcels from any federal courthouse in which a jury trial might be conducted, and the complexity of the issues, this certainly is one of those exceptional cases in which trial by a commission is not only appropriate, but is required in the interest of justice.") (internal quotation marks omitted). Consistent with these authorities and the text of the rule, commentators have opined that the practice that is and should be followed "is for the district judges to make reference to a commission in any case in which they believe there is reason for preferring that method to a jury trial." Wright, Miller & Marcus, 12 *Federal Practice & Procedure: Civil 2d* § 3051 (citation omitted).[3]

---

[2] *See also Southern Natural Gas Co. v. Land, Cullman County*, 197 F.3d 1368, 1373 (11th Cir. 1999) ("The plain language of Rule [71.1] grants the district court broad discretion."); *Sykes v. United States*, 392 F.2d 735, 740 (8th Cir. 1968) (recognizing committee's intent for "a broad discretion to be vested in the District Court to choose between the use of juries or of commissioners in the condemnation cases brought before them") (citation omitted); *National Railroad Passenger Corp. v. Catalina Enterprises, Inc. Pension Trust*, 147 Fed.Appx. 378, 381 (4th Cir. Sept. 30, 2005) (finding that district court properly exercised discretion in determining that just compensation should be decided by land commissioners based on certain enumerated considerations); *Questar Southern Trails Pipeline Co. v. 4.26 Acres of Land*, 194 F. Supp.2d 1192, 1193 (D.N.M. 2002) (indicating that the rule "provides the Court discretionary power, in the delineated circumstances, to appoint commissioners").

[3] The Advisory Committee's Supplemental Report as to Rule 71.1(h) identifies certain circumstances in which such a belief might be appropriate: (i) need for uniformity of awards in cases involving numerous parcels ("The jury system tends to lack of uniformity. Once a reasonable and uniform standard of values for the area has been settled by a commission, (Continued)

The straightforward question presented, then, is whether there is reason in this case for preferring the three-person commission method of determining just compensation over the jury method. Defendants, as the parties requesting appointment of a commission, cite generically to "the character, location and quantity of the property to be condemned as well as the nature and quantity of the property being affected by this condemnation." (Doc. 109, ¶ 4 (internal quotation marks omitted).) However, they do not elaborate or explain what aspect of the character, location and quantity of the subject property being condemned in this case favors appointment of a three-person commission. The information before the Court is that this action involves a singular, 74.57-acre strip of land that is part of a single tract owned by a single set of defendants in Evergreen, Alabama. This case does not involve numerous tracts of land scattered over a wide geographic area and encompassing numerous landowners at an inordinate distance from the federal courthouse. The parties have not identified any particular complexities unique to valuation in this case (such that there might be a benefit to leveraging the special experience and expertise of a three-person commission), or any other reasons why the interests of justice would favor appointment of a commission. In short, the Court lacks any specific information from which to conclude that utilization of a land commission to determine just compensation in this case would produce a fairer, faster, more efficient, or more just result than a jury would. Left with no case-specific basis for determining that the interests of justice would be better served by appointment of a land commission rather than a trial by jury, the Court will exercise its discretion not to appoint such a commission.[4]

---

litigation ends and settlements result."); (ii) "[w]here large areas are involved many small landowners reside at great distances from the place where a court sits," creating hardships that may be alleviated via a travelling commission; (iii) where juries would have to travel "long distances to view the premises;" or (iv) when a jury trial would impose an excessive "burden on the time of the courts." Rule 71.1(h), Advisory Committee Supplemental Report.

[4] In so concluding, the Court is cognizant of the potential that "among other things a reference to a commission tends unduly to prolong the proceedings, thereby causing vexation to all concerned and additional expense." *United States v. Delaware, L. & W.R. Co.*, 264 F.2d 112, 115 (3rd Cir. 1959); Advisory Committee Notes to Rule 71.1, General Statement 3 ("Experience with the commission on a nationwide basis … has been that the commission is time consuming and expensive. … [S]ince the jury is a traditional tribunal for the determination of questions of value, and since experience with juries has proved satisfactory to both government and land owner, the right to jury trial is adopted as the general rule.").

For all of the foregoing reasons, defendants' request for appointment of a three-person commission to hear the evidence and assess just compensation in this condemnation case is **denied**. Defendants' exercise of their right to jury trial pursuant to Rule 71.1(h)(1)(B) will be honored, subject to their right to withdraw such a jury demand. Accordingly, unless defendants withdraw their jury demand via court filing on or before **November 21, 2014**, the issue of just compensation will be submitted to a jury at trial, with all other issues being for the Court to decide, pursuant to Rule 71.1(h)(1). If defendants timely withdraw their jury demand, then all issues (including just compensation) will be decided by the Court via bench trial.

DONE and ORDERED this 22nd day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE